UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
M.S. and J.S., individually and on behalf of
M.S.,

                    Plaintiffs-Appellants,

       - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    Defendants-Appellee.

---------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-3719 (RRM) (VMS)

ROSLYNN R. MAUSKOPF, United States District Judge.

On July 2, 2013, plaintiffs M.S. and J.S., individually and on behalf of M.S, a minor, commenced this action, alleging violations of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. (Doc. No. 1.) Before the Court is an appeal of a ruling issued by Magistrate Judge Vera M. Scanlon granting in part and denying in part plaintiffs' motion for discovery. (*See* Doc. Nos. 16, 18.) The Court reviews discovery orders to determine whether the order is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72. "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). The Court will reverse only if it "is 'left with the definite and firm conviction that a mistake has been committed.'" *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) (quoting *Easley v. Cromartie*, 532 U.S. 234, 235 (2001)).

The Court presumes familiarity with the facts and procedural posture of this case, as set forth in the thorough and well-reasoned opinion of Magistrate Judge Scanlon. (*See* Doc. No. 16 at 1–4.) The Court finds no error in the magistrate judge's ruling, and affirms it all respects.

Briefly, plaintiffs moved for leave to conduct two depositions of a teacher and paraprofessional at the Robert Randall School concerning the September through June portion of the 2011–2012 school year.  (*See* Pl.'s Mot. For Disc. (Doc. No. 9).)  Defendant opposed plaintiffs' request essentially on the grounds that such evidence would be retrospective, speculative, and cumulative.  Magistrate Judge Scanlon denied plaintiffs' motion to the extent that it sought the identities of the teacher and paraprofessional that would have worked with M.S., but permitted plaintiffs to conduct two brief depositions of one teacher and one paraprofessional that were assigned to teach in September 2011 and, in fact, taught students of the same age and from the same class in which M.S. would have been enrolled.[1]  (*See* Doc. No. 16 at 13–18.)  Magistrate Judge Scanlon limited the depositions, however, to facts known to the witnesses as of June 2011.  (*Id.*)

Typically, the "source of the evidence in IDEA cases generally will be the administrative hearing record." *Town of Burlington v. Dep't of Educ. for Com. of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd sub nom. Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359 (1985).  However, the IDEA also provides that a "court . . . shall hear additional evidence at the request of a party."  20 U.S.C. § 1415(i)(2)(C)(ii).  What constitutes permissible "additional evidence" is not defined in the statute.  However, courts in this circuit have required that such evidence be "relevant, non-cumulative, and useful."  *Eschenasy v. New York City Dep't of Educ.*, 604 F. Supp. 2d 639, 649 (S.D.N.Y. 2009) (quoting *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3d Cir. 1995)).

Given the specific facts of this case, the Court finds no error in Magistrate Judge Scanlon's order.  *Mental Disability Law Clinic*, 739 F. Supp. 2d at 203.   Defendant does not

---

[1] In order to facilitate the timely identification of the witnesses to be deposed, Magistrate Judge Scanlon also ordered that defendant provided a list of individuals meeting these criteria.  (*See* Doc. No. 16 at 17–18.)

2

dispute that it failed to offer evidence as to the September through June portion of the 2011–2012 school year during the administrative proceedings below.[2]  As in *M.L. v. New York City Dep't of Educ.*, No. 13-CIV-0574 (ALC) (JLC), 2013 WL 1891378 (S.D.N.Y. May 7, 2013), however, defendants did proffer the testimony of M.S.'s "proposed summer classroom teacher at the hearing . . . as well as that of the assistant principal at the proposed placement, who, [p]laintiffs allege, testified that [M.S.] [may] have had a different teacher and related service providers" after the summer ended.  *Id.* at 2 n.2.  Plaintiff only learned that fact during the hearing below, at which plaintiffs did not bear the burden of proof.  Given these facts and the parties' arguments in this case, it was not clearly erroneous or contrary to law to conclude that, "[w]hile on some level the testimony [p]laintiffs seek may be 'speculative,' as [d]efendant suggests, it is no more so than the testimony already in the record" and "[w]ith an evidentiary record that includes this testimony . . . it is appropriate to complete the record" through the two proposed depositions.[3]  *Id.*  Moreover, Magistrate Judge Scanlon expressly directed that any additional evidence be based solely on facts and circumstances known to the witnesses prior to June 2011, avoiding the

---

[2] In this connection, the Court notes that the IDEA also provides that, "[i]n any action brought under this paragraph, the court . . . shall receive the records of the administrative proceedings . . . ." 20 U.S.C. § 1415(i)(2)(C)(i). Plaintiffs, however, have yet to provide those records in this action. (*See* Doc. No. 16 at 3 n.1.)  Consonant with the rules governing the protection of private information in public documents, plaintiffs shall electronically file all records of the administrative proceedings, including copies of the underlying IEP, due process complaint notices, complete hearing transcripts, and any exhibits received at the hearings with the Court no later than December 6, 2013.

[3] As discussed *infra*, the Court does not at this stage assess the admissibility or weight of any additional testimony. Indeed, in some cases "[r]emand is appropriate to obtain the necessary educational expertise of the IHO and the SRO." *T.L. v. New York City Dep't of Educ.*, 938 F. Supp. 2d 417, 436 (E.D.N.Y. 2013) (citing *D.N. v. New York City Dept. of Educ.*, No. 11-CIV-9223 (NRB), 2012 WL 6101918, at *5 (S.D.N.Y. Dec. 10, 2012)); *see also Carlisle Area School v. Scott P.*, 62 F.3d 520, 525–26 (3rd Cir. 1995)).  As has been noted, courts are often "ill-equipped" to address these claims regarding the substantive adequacy of recommended school placements in the first instance, *F.B. v. New York City Dept. of Educ.*, No. 12-CIV-1669 (PAE), 2013 WL 592664, at *15 (S.D.N.Y. Feb. 14, 2013), and "important questions of state educational policy . . . requir[ing] educational expertise to resolve" that "neither the IHO nor the SRO ha[ve] reached" can be remanded for administrative consideration in the first instance. *J.F. v. New York City Dep't of Educ.*, No. 12-CIV-2184 KBF, 2012 WL 5984915, at *10 (S.D.N.Y. Nov. 27, 2012), *recons. denied*, 2013 WL 1803983 (S.D.N.Y. Apr. 24, 2013).

prohibition on retrospective evidence.  *See R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 186–87 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 2802 (2013).

Magistrate Judge Scanlon made no ruling as to the ultimate admissibility or weight of plaintiffs' proposed additional evidence; nor does this Court.  Such determinations are properly addressed on full briefing of the merits.  Rather, as Judge Scanlon found, plaintiffs' "proposed limited discovery is warranted because it may elicit relevant and useful information concerning the merits of the parents' reasons for rejecting the IEP and the [Department of Education]'s ability to implement the IEP" that were related to "their initial written objection to the IEP." (Doc. No. 16 at 14.)

Because the Magistrate Judge's conclusions were not clearly erroneous or contrary to law, defendant's objections thereto are overruled.  The depositions shall proceed as ordered by Magistrate Judge Scanlon.

SO ORDERED.

Dated:  Brooklyn, New York
        November 27, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge